IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARY DIETER, | |
| Plaintiff, | 8:24CV169 |
| vs. | |
| CROSSMARK, and WIS INTERNATIONAL, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has been given leave to proceed in forma pauperis ("IFP"). *See* Filing No. 6. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff worked for Defendant Crossmark and its parent company, Defendant Wis International, as an "event specialist." Filing No. 1 at 3, 50. As an event specialist, Plaintiff performed product demonstrations inside a Sam's Club store in Lincoln, Nebraska. *See id*. Plaintiff has been disabled since 2002, due to her degenerative disk disease. *Id*. at 4.

In May 2022, Plaintiff returned to work after taking leave while recovering from a broken ankle. *Id*. at 7. Plaintiff's doctor provided a "return to work note" that did not include Plaintiff's "new accommodations." *Id*. After returning to work, Plaintiff experienced severe pain in her legs and her doctor sent her to receive imaging and injections. *Id*. In September 2022, Plaintiff informed her supervisor about the pain and treatment Plaintiff was experiencing. *Id*.

Prior to December 26, 2022, Plaintiff worked two to three days per week. *Id.* at 12. In December 2022, Plaintiff's work hours were reduced to one day per week. *Id.* at 7. On December 28, 2022, Plaintiff's supervisor assigned her to do "3 cutting of food [and] a lot of cooking," which Plaintiff alleges would violate her accommodations. *Id.* at 8. On January 13, 2023, John Hunter from "accommodations" sent Plaintiff an email that stated Plaintiff had requested an accommodation that reduced her work schedule to one day per week. *Id.*

Plaintiff immediately told her supervisor, Jacque Erdman, that Plaintiff had not requested an accommodation of working one day per week. *Id.* at 9. Erdman acknowledged Plaintiff's statement but still reduced Plaintiff's demonstration schedule to one day per week. *Id.* Plaintiff alleges Erdman previously ignored a doctor's note from Dr. Matthew Reckmeyer, who recommended that Plaintiff sit throughout her workday. *Id.* When Erdman would see Plaintiff sitting during a shift, Erdman would motion to Plaintiff to stand. *Id.*

Plaintiff also alleges that Defendant Crossmark had a history of ignoring or rejecting her accommodations, even though her requests were supported by notes from her doctors. *Id.* at 10. Erdman later apologized to Plaintiff for putting her on demonstrations that violated Plaintiff's accommodations. *Id.* at 12. Erdman told Plaintiff that she would look for demonstrations that could meet Plaintiff's accommodations but has not scheduled any since December 26, 2022. *Id.*

Plaintiff's essential claim is difficult to identify. Plaintiff infers that Defendants reduced her schedule to one day of work per week as a punishment. *See Id.* at 5, 8. Plaintiff alleges that reducing her work schedule was an adverse employment action that violated her rights under the Americans with Disabilities Act ("ADA"), §§ 12112 to 12117. *See* Filing No. 1 at 3, 7-8. Plaintiff

also alleges Defendants removed her from the schedule entirely until she could provide documentation to support a new requested accommodation. *See id.* at 11. Plaintiff alleges she never made a request for a new accommodation. *Id.* at 4.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

For purposes of this initial review, Plaintiff appears to have exhausted her administrative remedies and timely pursued her ADA claim.[1] Title I of the ADA prohibits a covered entity from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Discrimination includes "not making reasonable accommodations to the known physical or mental limitations" of an employee, unless the employer can "demonstrate that the accommodation would impose an undue hardship on the operation of the business." *Sharbono v. N. States Power Co.*, 902 F.3d 891, 894 (8th Cir. 2018) (quoting 42 U.S.C. § 12112(b)(5)(A)).

---

[1] To pursue discrimination and retaliation claims under the ADA, Plaintiff must exhaust all administrative remedies. To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 12117(a) (stating that the remedies and procedures outlined in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA). The EEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or decide there is no reasonable cause. *Id*. If the EEOC determines that there is no reasonable cause, the agency will issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(f)(1). In ADA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C. § 2000e-5(f)(1). Plaintiff filed her charge of discrimination with the NEOC and EEOC on February 13, 2023. Filing No. 1 at 27. On February 8, 2024, the NEOC issued a right to sue letter. *Id*. at 22. On March 4, 2024, the EEOC issued a right to sue letter. *Id*. at 24.

In the absence of direct evidence of discrimination, a court analyzes an ADA claim under the *McDonnell Douglas* burden-shifting framework. *Power v. Univ. of N. Dakota Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of discrimination by demonstrating "(1) that the plaintiff was disabled within the meaning of the ADA; (2) that the plaintiff was qualified to perform the essential functions of the job [with or without a reasonable accommodation]; and (3) a causal connection between an adverse employment action and the disability." *Lipp v. Cargill Meat Sols. Corp.*, 911 F.3d 537, 544 (8th Cir. 2018) (quoting *Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 755 (8th Cir. 2016)). The Court recognizes that "under a notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002), *overruled in part on other grounds by Twombly*, 550 U.S. 544. Even so, the elements of a successful ADA claim are still "'part of the background against which a plausibility determination should be made.'" *Cook v. George's, Inc.*, 952 F.3d 935, 939 (8th Cir. 2020) (quoting *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (quotation omitted)).

"The court's task, then, is not to determine whether the Complaint pleads the elements of a prima facie case of discrimination under the *McDonnell Douglas* framework, but to determine whether the Complaint alleges facts showing plausibly that [Defendant] has discriminated against Plaintiff based on [her] . . . disability." *Smith v. PayPal, Inc.*, No. 8:12CV226, 2013 WL 2444032, at *11 (D. Neb. June 4, 2013). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In

sum, to state a claim upon which relief may be granted, Plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

Even if Plaintiff has plausibly alleged that she is disabled and qualified to perform product demonstrations with an accommodation, the Complaint does not allow the Court to infer a causal connection between Plaintiff's disability and any adverse employment action. Though Plaintiff includes several pages of handwritten factual allegations, and over 100 pages of annotated documents, the only adverse employment action identified is that Defendant removed her from the work schedule. *See* Filing No. 1 at 8, 9, 12.

In describing the alleged adverse employment action, the Complaint references and attaches an email, dated January 13, 2023, from John Hunter, Defendant's Accommodations Specialist. *Id*. at 8, 20. The email states that Plaintiff requested "a decrease in scheduling from two (2) days to one (1) day a week." *Id*. at 20. The email asked Plaintiff to provide documentation substantiating the need for the new accommodation. *Id*. The email also requested that Plaintiff inform her supervisor whether Plaintiff could perform her duties under Plaintiff's existing accommodations. *Id*. If Plaintiff was unable to perform under the existing accommodations, Hunter would ask Plaintiff's supervisor to remove Plaintiff from the work schedule until Plaintiff was able to perform or provide documentation to substantiate the need for new accommodations. *Id*. Plaintiff asserts, however, that she never requested that her schedule be reduced to one workday per week, so removing her from the schedule violated her rights under the ADA. *See id*. at 8, 9.

Even construed liberally, these allegations do not suggest a causal relationship between Plaintiff's disability or protected activity and her removal

from the schedule. Under the ADA, the causal connection must be but-for causation—in other words, the protected activity must be the determining factor for the adverse employment action. *Univ. Of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 346-47 (2013); *Hustvet v. Allina Health System*, 910 F.3d 399, 412 (8th Cir. 2018). Plaintiff makes no allegation from which the Court can infer that she was removed from the schedule because of her disability or because she otherwise engaged in protected activity under the ADA. For example, the January 13, 2023, email specifically states that Plaintiff would be allowed to work if she confirmed with her supervisor that Plaintiff could work under existing accommodations. Filing No. 1 at 20. Although Plaintiff asked her supervisor for proof that Plaintiff requested to reduce her schedule, *see* Filing No. 1 at 41-42, there is no allegation that Plaintiff confirmed she could work more than one day per week under existing accommodations or that any of Defendant's employees refused any requests from Plaintiff to be scheduled for more than one day per week. The Complaint thus fails to allege a causal connection and fails to allege "facts showing plausibly that [Defendant] has discriminated against Plaintiff based on her . . . disability." *Smith v. PayPal, Inc.*, No. 8:12CV226, 2013 WL 2444032, at *11 (D. Neb. June 4, 2013).

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to pre-service dismissal under 28 U.S.C. § 1915(e)(2). However, the Court on its own motion will give Plaintiff 30 days to file an amended complaint that states a plausible claim for relief. Otherwise, this action will be dismissed. If Plaintiff chooses to amend her Complaint, she should be mindful to allege facts supporting a causal connection between

Plaintiff's disability or protected activity under the ADA and an adverse employment action.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In her amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to describe how Defendant discriminated against her and should allege facts supporting a causal connection between Plaintiff's disability or protected activity under the ADA and an adverse employment action, to the extent such facts can be alleged. To that end, Plaintiff may use the enclosed form civil complaint for employment discrimination if she so chooses.

2. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

3. The Court reserves the right to conduct further review of Plaintiff's claims in the event she files an amended complaint.

4. The Clerk of the Court is directed to send to Plaintiff the Pro Se 7 Form Complaint for Employment Discrimination.

5. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **July 16, 2025**: amended complaint due.

Dated this 16th day of June, 2025.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Senior United States District Judge